IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civ. No. 05-1216-T/An |
| VS. | ) | Crim. No. 97-10033-1-T |
| | ) | |
| MARLON DESHONE QUARLES, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255
ORDER DENYING CERTIFICATE OF APPEALABILITY
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Defendant Marlon Deshone Quarles, Bureau of Prisons ("BOP") inmate registration number 16122-076, who was, at the time he commenced this action, an inmate at the United States Penitentiary-McCreary in Pine Knot, Kentucky,[1] filed a *pro se* motion pursuant to 28 U.S.C. § 2255 in the United States District Court for the Eastern District of Kentucky on July 25, 2005. District Judge J.B. Johnson, Jr. issued an order on July 26, 2005 transferring the case to this district, where it was docketed on August 1, 2005.

On August 18, 1997, a federal grand jury returned a single-count indictment charging

---

[1] According to the BOP website, Quarles is currently housed in a halfway house in Nashville, Tennessee. The mailing address for inmates at that facility is not listed on the website, although there is a telephone number. The Clerk is directed to obtain the defendant's current mailing address and to update the docket to include that information. This order should be mailed to the defendant at his correct address.

Quarles and a codefendant, aided and abetted by each other, with bank robbery, in violation of 18 U.S.C. § 2113(a).  Pursuant to a written plea agreement, on January 5, 1998 defendant entered a guilty plea to the sole count of the indictment.  The Court conducted a sentencing hearing on October 22, 1998, at which time Quarles was sentenced to 66 months imprisonment, to be followed by a three-year period of supervised release.[2]  He was also directed to pay restitution in the amount of $5,562.60.  Judgment was entered on October 23, 1998.  Quarles did not file a direct appeal.

In this § 2255 motion, Quarles contends that the three-point enhancement because a dangerous weapon was brandished, displayed, or possessed is unconstitutional in light of Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 543 U.S. 220 (2005).

The first issue to be considered is the timeliness of this motion.  Paragraph 6 of 28 U.S.C. § 2255 provides:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;

---

[2] Pursuant to § 2B3.1(a) of the United States Sentencing Guidelines, the base offense level for robbery is 20.  The Court imposed a two-point enhancement, pursuant to U.S.S.G. § 2B3.1(b)(1), because the property of a financial institution was taken, a three-point enhancement, pursuant to U.S.S.G. § 2B3.1(b)(2)(E), because a dangerous weapon was brandished, displayed, or possessed, and a one-point enhancement, pursuant to U.S.S.G. § 2B3.1(b)(7)(B), because the loss exceeded $10,000, resulting in an adjusted offense level of 26.  Quarles received a three-point reduction, pursuant to U.S.S.G. § 3E1.1, for acceptance of responsibility, resulting in a total offense level of 23.  Given Quarles's criminal history category of VI, the guidelines provided a sentencing range of 92-115 months.  The Court granted the Government's motion pursuant to 5K1.1 and reduced the offense level by four levels, resulting in a guideline range from 63-78 months.

>    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

"[F]or purposes of collateral attack, a conviction becomes final at the conclusion of direct review." Johnson v. United States, 246 F.3d 655, 657 (6th Cir. 2001). Where, as here, a defendant does not file a direct appeal, "an unappealed district court judgment of conviction becomes 'final' ten days after the entry of judgment, at least where the defendant has not actually sought an extension of appeal time for good cause or excusable neglect." Sanchez-Castellano v. United States, 358 F.3d 424 (6th Cir. 2004); see also United States v. Cottage, 307 F.3d 494, 499 (6th Cir. 2002) ("when a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final either on the date that the judgment was entered . . . or on the date on which the time for filing such appeal expired"; describing the latter as the "majority view"); Chandler v. United States, 22 Fed. Appx. 399, 400 (6th Cir. Sept. 25, 2001).

In this case, judgment was entered on October 23, 1998. Quarles's conviction became final no later than November 2, 1998, the last day on which he could have filed a notice of

appeal. Fed. R. App. P. 4(b)(1)(A)(i).[3] The defendant's § 2255 motion was signed on July 22, 2005 and, even if it is deemed to have been filed on that date, Houston v. Lack, 487 U.S. 266 (1988); Miller v. Collins, 305 F.3d 491, 497-98 & n. 8 (6th Cir. 2002); Towns v. United States, 190 F.3d 468, 469 (6th Cir. 1999) (§ 2255 motion), more than six years had elapsed since Quarles's conviction became final. The motion is, therefore, clearly time-barred.[4]

It is also necessary to consider whether the limitations period is subject to equitable tolling in this case. In Dunlap v. United States, 250 F.3d 1001, 1004 (6th Cir. 2001), the Sixth Circuit held that the one-year limitations period applicable to § 2255 motions is a statute of limitations subject to equitable tolling. Five factors are relevant to determining the appropriateness of equitably tolling a statute of limitations:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive notice of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

---

[3] Rule 4(b)(1)(A)(i) provides that a notice of appeal in a criminal case must be filed within ten days after the entry of judgment. At the time the judgment in defendant's criminal case was entered, Fed. R. App. P. 26(a)(2) provided that, when computing time periods under the appellate rules, weekends and legal holidays were excluded only if the period in question was less than seven days. Rule 26(a)(2) was amended effective December 1, 2002, to provide that weekends and legal holidays are excluded when the period is less than eleven days.

[4] Section 2255, ¶ 6 provides that the limitations period begins to run from the latest of the four specified circumstances. Quarles presumably contends that the third subsection is applicable here, and that the limitations period with respect to his Booker claim commenced running on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." In Tyler v. Cain, 533 U.S. 656, 662 (2001), the Supreme Court held that a new rule is "made retroactive to cases on collateral review" only if the Supreme Court holds it to be retroactively applicable to cases on collateral review. As the Supreme Court did not hold that Booker is retroactively applicable to cases on collateral review, the third subsection is inapplicable and, therefore, the limitations period began to run when Quarles's conviction became final. See also Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir. 2005) (Booker not applicable to defendants whose convictions were final at the time the opinion was handed down).

4

Id. at 1008.[5]

The Sixth Circuit has stated that "equitable tolling relief should be granted only sparingly." Amini v. Oberlin College, 259 F.3d 493, 500 (6th Cir. 2001); see also Vroman v. Brigano, 346 F.3d 598, 604 (6th Cir. 2003); Jurado v. Burt, 337 F.3d 638, 642 (6th Cir. 2003).

> Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control. . . .  Absent compelling equitable considerations, a court should not extend limitations by even a single day.

Graham-Humphreys v. Memphis Brooks Museum, Inc., 209 F.3d 552, 560-61 (6th Cir. 2000); see also King v. United States, 63 Fed. Appx. 793, 795 (6th Cir. Mar. 27, 2003); Johnson v. U.S. Postal Serv., No. 86-2189, 1988 WL 122962 (6th Cir. Nov. 16, 1988) (refusing to apply equitable tolling when *pro se* litigant missed filing deadline by one day). Thus, ignorance of the law by *pro se* litigants does not toll the limitations period. Price v. Jamrog, 79 Fed. Appx. 110, 112 (6th Cir. Oct. 23, 2003); Harrison v. I.M.S., 56 Fed. Appx. 682, 685-86 (6th Cir. Jan. 22, 2003); Miller v. Cason, 49 Fed. Appx. 495, 497 (6th Cir. Sept. 27, 2002) ("Miller's lack of knowledge of the law does not excuse his failure to timely file a habeas corpus petition."); Brown v. United States, 20 Fed. Appx. 373, 374 (6th Cir. Sept. 21, 2001) ("Ignorance of the limitations period does not toll the limitations period."); cf.

---

[5] This five-factor standard is identical to the test used to determine whether equitable tolling is appropriate in other contexts, including employment discrimination cases. Amini v. Oberlin College, 259 F.3d 493, 500 (6th Cir.  2001) (citing Dunlap); Truitt v. County of Wayne, 148 F.3d 644, 648 (6th Cir. 1998).

Jurado, 337 F.3d at 644-45 (lawyer's mistake is not a proper basis for equitable tolling).[6]

In this case, Quarles makes no argument that he is entitled to equitable tolling. Accordingly, the motion is time-barred, and Quarles is not entitled to equitable tolling.

Even if Quarles's motion were timely, his motion, which relies entirely on Blakely and Booker, would still be subject to dismissal. "As a general rule, new constitutional decisions are not applied retroactively to cases that were finalized prior to a new Supreme Court decision." Goode v. United States, 305 F.3d 378, 383 (6th Cir. 2002); see Schriro v. Summerlin, 542 U.S. 348, 351-58 (2004) (holding that decision in Ring v. Arizona, which held that a sentencing judge in a capital case may not find an aggravating factor necessary for imposition of the death penalty, and that the Sixth Amendment requires that those circumstances be found by a jury, does not apply retroactively to cases on collateral review); Teague v. Lane, 489 U.S. 288 (1989). Applying these standards, the Sixth Circuit has held that Blakely and Booker issues cannot be raised in an initial motion pursuant to 28 U.S.C. § 2255. Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir. 2005). Accordingly, Quarles's motion is without merit and is dismissed.

The motion, together with the files and record in this case "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; see also Rule 4(b), Rules Governing § 2255 Proceedings. Therefore, the Court finds that a response is not required from the

---

[6] See also Cobas v. Burgess, 306 F.3d 441 (6th Cir. 2002) ("Since a petitioner does not have a right to assistance of counsel on a habeas appeal . . . , and because an inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations . . . , we are loath to impose any standards of competency on the English language translator utilized by the non-English speaking habeas petitioner.").

United States Attorney and that the motion may be resolved without an evidentiary hearing. United States v. Johnson, 327 U.S. 106, 111 (1946); Baker v. United States, 781 F.2d 85, 92 (6th Cir. 1986). Defendant's conviction and sentence are valid; therefore, his motion is DENIED.

Consideration must also be given to issues that may occur if the defendant files a notice of appeal. Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Fed. R. App. P. 22(b); Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063, 1073 (6th Cir. 1997) (district judges may issue certificates of appealability under the AEDPA). No § 2255 movant may appeal without this certificate.

In Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), the Supreme Court stated that § 2253 is a codification of the standard announced in Barefoot v. Estelle, 463 U.S. 880, 893 (1983), which requires a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" Slack, 529 U.S. at 484 (quoting Barefoot, 463 U.S. at 893 & n.4).

The Supreme Court recently cautioned against undue limitations on the issuance of certificates of appealability:

> [O]ur opinion in Slack held that a COA does not require a showing that the

appeal will succeed. Accordingly, a court of appeals should not decline the application of a COA merely because it believes the applicant will not demonstrate an entitlement to relief. The holding in Slack would mean very little if appellate review were denied because the prisoner did not convince a judge, or, for that matter, three judges, that he or she would prevail. It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner "'has already failed in that endeavor.'"

Miller-El v. Cockrell, 537 U.S. 322, 337 (2003) (quoting Barefoot, 463 U.S. at 893). Thus,

[a] prisoner seeking a COA must prove "'something more than the absence of frivolity'" or the existence of mere "good faith" on his or her part. . . . We do not require petitioners to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.

Id. at 338 (quoting Barefoot, 463 U.S. at 893); see also id. at 342 (cautioning courts against conflating their analysis of the merits with the decision of whether to issue a COA: "The question is the debatability of the underlying constitutional claim, not the resolution of that debate.").[7]

In this case, the defendant's claims are clearly time barred and not cognizable in a § 2255 motion and, therefore, he cannot present a question of some substance about which reasonable jurists could differ. The Court therefore DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. Kincade v.

---

[7] By the same token, the Supreme Court also emphasized that "[o]ur holding should not be misconstrued as directing that a COA always must issue." Miller-El, 537 U.S. at 337. Instead, the COA requirement implements a system of "differential treatment of those appeals deserving of attention from those that plainly do not." Id.

Sparkman, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). Kincade, 117 F.3d at 952.[8] Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. See Fed. R. App. P. 24(a) (4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter is not taken in good faith. Therefore, leave to appeal *in forma pauperis* is DENIED. Accordingly, if movant files a notice of appeal, he must also pay the full appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.[9]

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

---

[8] The current $255 appellate filing fee will increase to $455 effective April 9, 2006.

[9] The notice of appeal itself must be filed in this Court; a motion to proceed *in forma pauperis* should then be filed in the Sixth Circuit Court of Appeals.

  s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE